{¶ 31} I concur in the majority's result but write separately to express my concern for the potential of defeating a valid estate plan or testamentary intent of the ward that was created while the ward was competent. An analysis of what is in the best interest of the ward must include the ward's estate plan. If the guardianship was created after the ward attained the age of twenty-one and was legally competent to contract with a bank, to create an account, the court must then consider whether the account was part of an estate plan.
 {¶ 32} The use of survivorship accounts and P.O.D. accounts are as important and as integral a part of an estate plan as a will. A guardian cannot revoke a will and defeat the expressed intent of the ward, as to the transfer of his assets at death, without the intervention of the probate court. Should a guardian be permitted to accomplish the same result by terminating or manipulating the ward's bank account that expresses a testamentary intent? Currently, no statute requires a guardian to seek the court's permission and therefore, the guardian is not required to do so.
 {¶ 33} However, I find the court must analyze what is in the ward's best interest by considering the effect, if any, on the ward's valid testamentary intent. A testator's intent may be defeated by the practical aspects of life. Debts may limit what assets remain to be transferred at death. If all other assets are depleted and only the P.O.D. account remains, this could also defeat the ward's testamentary intent expressed by his will. However, this problem should not be compounded by arbitrary, malicious or self-serving acts of a guardian. Compounding the problem, in this case, is the fact that the guardian is a beneficiary under the will and stands to personally benefit financially from the removal of the P.O.D. designation. Self-dealing, of course, would be a breach of a fiduciary's duty.
 {¶ 34} Despite these concerns, I conclude the trial court, in this case, acted within its discretion in not setting aside the transfer of the funds and finding no misconduct on the part of the guardian. I base this conclusion upon the fact that the guardian did not cancel the P.O.D. account but failed to renew a P.O.D. account that had expired. I further agree with the court's concern over the validity of the creation of the account and finding that the funds were necessary for the administration of the estate.
 {¶ 35} Therefore, I concur in the majority's conclusion and affirm the judgment of the court.